# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

SHANNON MURCHISON,

        Plaintiff,

v.

PROGRESSIVE NORTHERN INSURANCE COMPANY,

        Defendant.

Case No. CIV-08-108-RAW

## ORDER & OPINION

Before the court is Defendant's Partial Motion to Dismiss for Failure to State a Claim [Docket No. 11]. Plaintiff brought this action in the District Court in and for Sequoyah County, Oklahoma, claiming damages for negligence, breach of contract and breach of the duty of good faith and fair dealing. Defendant removed the action to this court based on diversity jurisdiction.

## BACKGROUND

The following are facts included in Plaintiff's Petition.[1] Plaintiff's policy of insurance with Defendant included uninsured/underinsured motorist coverage. She was involved in a motor vehicle accident on August 4, 2006. When she contacted Defendant's representative seeking payment under the policy, Defendant's representative advised her that her policy of insurance did not contain an uninsured/underinsured motorist coverage. On August 29, 2006, Plaintiff made a written demand

---

[1] For purposes ruling on the Motion to Dismiss, this court accepts all of the well-pleaded allegations in Plaintiff's Petition as true and construes them in the light most favorable to Plaintiff.

for payment under her policy of insurance. On February 15, 2007[2], "over six (6) months after Plaintiff's injuries," Defendant tendered the policy limit to Plaintiff. Based upon these facts, Plaintiff brought three causes of action: negligence, breach of contract and breach of the duty of good faith and fair dealing. Defendant now moves for dismissal of Plaintiff's claims of negligence and breach of contract for failure to state a claim. [3]

## ANALYSIS

Plaintiff argues that Defendant relies on matters outside her Petition, and as such, Defendant's Motion to Dismiss should be converted to a motion for summary judgment. The court does not agree. Defendant does not rely on matters outside Plaintiff's Petition. Rather, based on the facts in Plaintiff's Petition, Defendant argues that her negligence and breach of contract claims should be dismissed for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6).

Plaintiff further argues that the Federal Rules allow her "to amend a defective Petition, rather than have her action dismissed altogether." Citing no specific authority, she claims that it would be reversible error for this court to dismiss this case without providing Plaintiff with the opportunity to amend her Petition if the defect can be remedied. The operative word in the foregoing sentence is "if." If the law is as Defendant argues in its Motion to Dismiss, then the defects in Plaintiff's

---

[2] The Petition actually states that Defendant tendered the policy limit to Plaintiff on February 15, 2006, but clearly, "2006" was a typo, and Plaintiff meant to state that Defendant tendered the policy limit on February 15, 2007.

[3] Defendant did not move to dismiss Plaintiff's bad faith claim, but states that it will file a motion for summary judgment with regard to that claim.

2

negligence and breach of contract claims are not defects that could be remedied by allowing Plaintiff to amend.

Federal Rule of Civil Procedure 15(a) provides that district courts "should freely give leave [to amend] when justice so requires. "The district court is not required to grant leave to amend, however, if amendment would be futile." Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1288 (10th Cir. 2008).

Defendant has argued that a claim for negligence cannot arise out of contractual obligations alone. Plaintiff has asserted nothing more than contractual obligations in her Petition. Moreover, she has given the court no indication that she would amend her complaint to include something more than contractual obligations. An amendment, therefore, would be futile as to her negligence claim.

Defendant has also argued that a claim for breach of contract fails if the policy limit has been paid prior to the lawsuit being filed. Defendant maintains that the maximum amount that may be awarded in a breach of contract case is the policy limit, and if that has already been paid, then no damages exist, leaving the plaintiff with no viable claim for breach of contract, as damages are an element of the claim. Plaintiff argues that at a minimum, she has damages for interest on the policy limits for the time after which she should have had the insurance payment. If Defendant's account of the law is correct, Plaintiff's argument fails, and amendment would be futile.

Likewise, allowing Plaintiff to conduct further discovery, as she maintains is necessary, also would not remedy the defects Defendant argues are inherent in Plaintiff's claims of negligence and breach of contract. The court notes that it does not understand why Plaintiff would need to conduct further discovery in order to assess the amount of *her own* damages, but in any event, the court does not need further information from the parties in order to rule on Defendant's motion. Defendant's

3

arguments are that under Oklahoma law, Plaintiff has not stated a claim for negligence or breach of contract. The court will rule on those issues.

**Negligence Claim**

Defendant argues that Plaintiff may not recover on her claim of negligence based on the insurance contract. Defendant cites the Oklahoma Supreme Court: "In <u>Christian v. American Home Assur. Co.</u>, 577 P.2d 899 (Okl.1978), this Court clearly recognized *the two* causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith." <u>Lewis v. Farmers Ins. Co., Inc.</u>, 681 P.2d 67, 69 (Okla. 1983) (emphasis added). Of the two actions an insured may bring against an insurer, the breach of contract action sounds in contract and the bad faith action sounds in tort. Based on the language in <u>Lewis</u>, it does not appear that a separate tort action for negligence in paying an insurance claim exists. Tort liability may be imposed against an insurer "only if there is a clear showing that the insurer, in bad faith unreasonably withholds payment of the claim." <u>Id</u>.

"Generally, all torts involve a breach of a duty or obligation imposed upon a party by the law itself where the breach is a civil wrong, other than contractual, for which an action for damages may lie." <u>Brown v. Patel</u>, 157 P.3d 117, 123 n.2 (Okla. 2007). The existence of a duty is a question of law. <u>Id</u>. In her Petition, Plaintiff claims that Defendant owed her a duty to fully investigate any claim of coverage provided under the policy of insurance and to do so in a timely manner. She claims that Defendant was negligent in failing to pay her claim for six months. The court has found nothing that might suggest that a common law action for negligence exists based on an insurer's failure to pay a claim for six months. To the contrary, the common law action in existence for failure

4

to pay a claim for six months is a bad faith claim, and more than simple negligence is required to prevail on such a claim.

Moreover, this court will not create a common law duty where none seems to exist. If every insured could bring a claim for negligence against the insurer under the insurance contract, there would be no need for claims of breach of contract and bad faith. Negligence actions would swallow insurance jurisprudence.

Defendant's duties clearly arise under the insurance contract only. Defendant had an implied duty to deal fairly and in good faith. Plaintiff has failed to state a claim for negligence upon which relief may be granted. Allowing her to amend her Petition would be futile. Consequently, Defendant's motion to dismiss Plaintiff's negligence claim is GRANTED.

**Breach of Contract Claim**

One of the elements a plaintiff must prove in order to recover under a breach of contract theory is "damages as a direct result of the breach." Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001). Although it was some six months after Plaintiff demanded payment under the insurance contract, Defendant ultimately paid to Plaintiff the policy limits under her the contract.

Defendant argues that under Oklahoma law, Plaintiff can never recover more than the policy limits on a breach of contract claim; anything in excess of the policy limits, she may recover only under a bad faith claim. Defendant maintains that in order for Plaintiff to recover interest, as she asserts, Defendant's actions must rise to the level of bad faith. Defendant argues that because the

policy limits were paid to Plaintiff, she has no damages, and thus has failed to state a claim for breach of contract.

Oklahoma courts have imposed liability on insurers in excess of the policy limits only under certain conditions. Carney v. State Farm Mut. Auto. Ins. Co., 877 P.2d 1113, 1115 (Okla. 1994). In Oklahoma, an insurer is not liable for prejudgment interest beyond a policy's liability limit unless the insurer acted in bad faith. See Parish ex rel. Parish v. Henry, 97 P.3d 646, 648 (Okla. 2004)(examining Carney); Carney, 877 P.2d at 1115. The rationale is that an insurer ought to be able to defend against a claim in good faith. The court understands why Defendant would believe that this rationale would apply to interest in this case also. It would seem that while an insurer is obligated to pay a claim immediately upon finding that payment is due, not every delay is bad faith.

Nevertheless, the Carney court noted:

> This holding does not affect this Court's holding in Nunn v. Stewart, 756 P.2d 6 (Okla. 1988), where the insurer in an underinsured motorist case was required to pay interest pursuant to 23 O.S. 1981, § 22, where the underinsured motorist carrier confessed the liability of the underinsured motorist at a date earlier than judgment and the Court held that interest on the amount due to the insured under the provision of the policies ran from that date. Nunn, 756 P.2d at 7. Having confessed liability, the insurer admitted its obligation under the contract and became liable for interest pursuant to § 22.

Carney, 877 P.2d at 1119, n. 17. Defendant paid the policy limits to Plaintiff before Plaintiff brought this action. This court does not have enough information at this time to determine whether Plaintiff has a claim for interest beyond the policy limits outside her claim of bad faith. Thus, Defendant's motion to dismiss Plaintiff's breach of contract claim is DENIED.

The court notes that it does agree with Defendant that it is unlikely that Defendant will be liable to Plaintiff beyond the policy limits under the breach of contract claim. Given the court's

6

ruling above, Defendant will likely present an argument with regard to this claim in its motion for summary judgment. The court expects that Plaintiff will have enough information at that time regarding *her own* damages to inform the court of all aspects of such damages.

## CONCLUSION

Accordingly, Defendant's Partial Motion to Dismiss for Failure to State a Claim [Docket No. 11] is hereby granted in part and denied in part. With regard to Plaintiff's negligence claim, the motion is GRANTED; with regard to Plaintiff's breach of contract claim, the motion is DENIED.

IT IS SO ORDERED this 22nd day of July, 2008.

**Dated this 22nd Day of July 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma